GULOTTA, Judge
(concurring).
Though I am constrained to concur with the conclusion reached by the majority because of the jurisprudence supporting their view, it appears that the better one is reflected by the language of our brothers of the First Circuit in the case of Lasseigne v. Martin, 202 So.2d 250, 256:
“[8] We hold, therefore, that under the clear, unambiguous terms of LSA-R.S. 18:381, the courts are vested with authority to entertain appeals to enforce all requirements and regulations of the Primary Election Law.
“For obvious reasons elections and all processes incidental thereto, including the nomination of party candidates for office, must be maintained free, uninhibited and open for all to participate, subject only to reasonable regulations designed to insure that the foregoing basic considerations shall ever be protected and preserved. The very existence of a democratic form of government demands that these principles be jealously guarded. Where standards or norms *658 are set up by the legislature for the guidance of political parties in the conduct of those aspects of the elective process entrusted to them by law, such regulations are to be followed literally. Where there are no guides, political parties may pursue such practices as they elect provided the course of action does not violate constitutional rights.”
It appears that R.S. 18:381[1] supports the reasoning of the court in Lasseigne.
However, because the expressions of the Louisiana Supreme Court are clear I respectfully concur.

. R.S. 18:381 reads as follows:
“Unless otherwise provided in this Part, the courts of this state may issue writs of injunction or mandamus or any other remedial writ to enforce any provisions of this Part. Any candidate may appeal to the courts for the enforcement of any provisions of this Part. All proceedings to enforce the provisions of this Part shall be summary and shall be tried by preference and before any other proceedings.” (Emphasis ours)